IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIEREON WOODHOUSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CASE NO.  09-212-MJR-PMF |
| **vs.** ) | |
| ) | |
| **DETECTIVE MATTINGLY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court on a *sua sponte* recommendation of dismissal. Plaintiff filed this action while he was confined at the St. Clair County Jail. On November 4, 2009, he was granted pauperis status and ordered to take two steps: (1) pay an initial filing fee in the sum of $23.56 and (2) submit USM-285 forms for the defendants within 30 days. Plaintiff's copies of these orders were returned as undeliverable.

Local Rule 3.1(b) serves to remind all plaintiffs of their continuing obligation to keep the Clerk advised of their whereabouts. SDIL-LR 3.1(b). Plaintiff did not notify the Clerk that he had moved.

On February 23, 2010, plaintiff was ordered to show cause why his claims should not be dismissed for want of prosecution. He was also directed to take immediate steps to comply with the November 4, 2009, order by paying his initial partial filing fee and by submitting completed USM-285 forms. The show cause order was sent to plaintiff at Graham Correctional Center.

On March 11, 2010, plaintiff asked for an extension of time. That request was granted. The deadline for plaintiff's response was extended from March 12, 2010, to April 13, 2010.

On April 19, 2010, plaintiff asked for another extension of time.  On April 21, 2010, that request was granted.  The deadline for plaintiff's response to the show cause order was extended from April 13, 2010, to May 13, 2010.  Plaintiff was advised that additional extensions would not be considered absent extraordinary circumstances.

On May 14, 2010, plaintiff asked for another extension of time.  That motion (Doc. No. 18) was denied.  The extended deadline for a response to the show cause order has expired.

Dismissal for want of prosecution is a harsh sanction that should be used only when there is a clear record of delay or contumacious conduct.  *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008).  There is a clear record of delay here.  Plaintiff did not notify the Clerk of his change of address when he moved.  He did not comply with the instructions in the November 4, 2009, order.  His initial partial filing fee remains unpaid.  Completed USM-285 forms have not been returned.  He did not file a timely response to the show cause order.  The 120-day period for service of process expired more than two months ago.  Good reasons for reopening and extending the service period have not been supplied.  Fed. R. Civ. P. 4(m).

IT IS RECOMMENDED that this action be DISMISSED for want of prosecution at this time.

SUBMITTED: __May 17, 2010__ .

    S/ Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**