IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIEREON WOODHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-cv-212-MJR |
| DETECTIVE MATTINGLY and ) | |
| DETECTIVE KEILBACH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

In March 2009, Tiereon Woodhouse, an inmate then incarcerated at St. Clair County Jail and currently incarcerated at Graham Correctional Center in Hillsboro, Illinois, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Woodhouse claims that Defendants used excessive force (beat and kicked him) in connection with his arrest while he was either handcuffed or subdued. He further claims that Defendants denied him adequate medical treatment for injuries he sustained as a result of the use of excessive force.

On November 4, 2009, on preliminary review, the Court determined that Woodhouse had stated claims of excessive force and deliberate indifference to serious medical needs. The Court denied, without prejudice, Woodhouse's motion for appointment of counsel, noting that there was no indication that he had attempted to obtain counsel or been effectively precluded from doing so.

On February 23, 2010, United States Magistrate Judge Philip M. Frazier ordered Woodhouse to show cause why his claims should not be dismissed for want of prosecution for

failure to pay his initial partial filing fee, to complete and return USM-285 forms for Defendants and to keep the Court apprised of his location (Doc. 8).  On March 11, 2010, Woodhouse filed a motion for an extension of time to respond to the order to show cause (Doc. 11).  Judge Frazier granted the motion and required Woodhouse to respond by April 13, 2010 (Doc. 12).  A second motion for extension of time was also granted, moving the deadline for a response to May 13, 2010 (Docs. 13, 15).  Judge Frazier warned that additional extensions of time would not be considered absent extraordinary circumstances (Doc. 15).  Woodhouse's third motion for extension of time was denied because he had received two prior extensions and had shown no extraordinary circumstances to warrant a third extension (Docs. 18, 19).

On May 17, 2010, Judge Frazier submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that this action be dismissed for want of prosecution.  The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report.  Woodhouse filed an objection on June 7, 2010.

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made.  **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions.  **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999).**

## II.  Analysis

Woodhouse objects to the Report, contending that he has had insufficient access to the law library at Graham Correctional Center and that the law library has insufficient clerical

help to assist him. He again requests appointment of counsel.

Woodhouse has taken no substantive steps to prosecute this case since he filed it. He has not paid the initial partial filing fee that was assessed on November 4, 2009 (Doc. 5). He has not complied with the Court's November 4 Order to complete and submit USM-285 forms for Defendants within 30 days (Doc. 6). To date, these forms have not been returned, and, as a result, service has not been effected on Defendants. The 120-day period for service of process has expired, and Woodhouse has provided no good reasons for reopening and extending that period. **FED. R. CIV. P. 4(m)**. Woodhouse failed to keep the Court apprised of his address and did not file a timely response to the show cause order. None of the foregoing actions require the use of a law library or the assistance of counsel.

Additionally, as to motions for appointment of counsel, of which there have been three, Woodhouse has not followed the Court's instruction in its threshold order that he must make a reasonable attempt to obtain counsel or show that he has been precluded from doing so (Doc. 6). *Pruitt v. Mote*, **503 F.3d 647, 654-55 (7th Cir. 2007)**. None of his motions shows any attempt to obtain counsel.

Dismissal for want of prosecution is a harsh sanction that should be used only when there is a clear record of delay or contumacious conduct. *Gabriel v. Hamlin*, **514 F.3d 734, 736 (7th Cir. 2008)**. Furthermore, "a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Id.* **at 737 (quoting** *Sharif v. Wellness Intern. Network, Ltd.,* **376 F.3d 720, 725 (7th Cir. 2004);** *see also Ball v. City of Chicago,* **2 F.3d 752, 760 (7th Cir. 1993))**.

The clear record of delay and inaction in this proceeding justifies the sanction of dismissal. Woodhouse has failed to comply with Court Orders and to take any substantive steps to

prosecute this action in the more than seven months that have passed since the matter survived preliminary review. And Woodhouse was twice explicitly warned that his case would be dismissed for want of prosecution if he failed to comply with the Court's Orders (*see* Docs. 6, 8).

### III. Conclusion

Having conducted *de novo* review, the Court **ADOPTS in its entirety** Judge Frazier's May 17, 2010 Report and Recommendation (Doc. 20) and **DISMISSES** this case for want of prosecution. Dismissal shall be without prejudice.

**IT IS SO ORDERED.**

**DATED this 11th day of June, 2010**

                                      **s/Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**